**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER ACCEPTING DEFENDANT'S** |
| Plaintiff, | ) | **WAIVER OF HIS RIGHT TO A** |
| | ) | **PRELIMINARY HEARING AND** |
| vs. | ) | **GRANTING GOVERNMENT'S** |
| | ) | **MOTION FOR DETENTION** |
| | ) | |
| Jose Gabriel Martinez-Rivera a/k/a | ) | |
| Mario Luna-Diaz, | ) | Case No.: 4:06-mj-41 |
| | ) | |
| Defendant. | ) | |

On December 11, 2006, the defendant made his initial appearance on a complaint charging him with the following offense: reentry of a removed alien in violation of 8 U.S.C. §§ 1326(a) and (b)(2). AUSA Scott Schneider appeared on the government's behalf. Federal Public Defender Orell Schmitz was appointed as defense counsel and appeared on the defendant's behalf. Jessica Egge, an interpreter, was also present.

The court initially advised the defendant of his rights and then proceeded to review the charge contained in the complaint. Thereafter, the government orally moved for detention. In response, the defendant advised the court that he would not contest the government's motion and waived his right to a detention hearing and preliminary hearing.

The court finds that the defendant, having had an opportunity to consult with counsel, freely and voluntarily, and knowingly and intelligently waived his right to a detention hearing and a preliminary hearing and consented to be detained pending final disposition of this matter. Further, based upon the defendant's waiver of a preliminary hearing, the court finds that there is probable cause to believe that the defendant may have committed the offense alleged in the complaint.

1

Accordingly, the court **ORDERS** that the defendant be bound over to the United States District Court to answer to the charges set forth in the complaint. In addition, the court **GRANTS** the Government's Motion to Detain and **FURTHER ORDERS** that the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultations with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated this 6th day of June, 2006.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge